<table>
<tr><td>

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Case number *(if known)* _____    Chapter    **11**

</td></tr>
</table>

☐ Check if this an
amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy
**06/22**

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **National Solar Service, LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **84-5152429** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **700 Remington Rd**<br>**Schaumburg, IL 60173-4524**<br>Number, Street, City, State & ZIP Code | **2906 Central Street**<br>**P.O. Box 144**<br>**Evanston, IL 60201**<br>P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Cook**<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

| Debtor | **National Solar Service, LLC** | Case number (*if known*) _____ |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

_____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

■ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |

Debtor   **National Solar Service, LLC** _____   Case number (*if known*) _____
        Name

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

�■ No
☐ Yes.

List all cases. If more than 1, attach a separate list

| | | | |
|---|---|---|---|
| Debtor | _____ | Relationship | _____ |
| District | _____ When _____ | Case number, if known | _____ |

---

**11. Why is the case filed in *this district*?**   *Check all that apply:*

�■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

�■ No
☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes.   Insurance agency _____
Contact name _____
Phone _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**   *Check one:*

�■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |

---

Debtor    **National Solar Service, LLC**

Name

Case number (*if known*)

| | | |
|---|---|---|
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ■ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | **National Solar Service, LLC** | Case number (*if known*) |
|---|---|---|
| | Name | |

---

**Request for Relief, Declaration, and Signatures**

---

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **February 21, 2024**
MM / DD / YYYY

**X** **/s/ Todd Kihm**                                  **Todd Kihm**
Signature of authorized representative of debtor        Printed name

Title   **Managing Member**

---

**18. Signature of attorney**

**X** **/s/ Richard G Larsen**                Date   **February 21, 2024**
Signature of attorney for debtor                       MM / DD / YYYY

**Richard G Larsen 6193054  Illinois**
Printed name

**SpringerLarsenGreene, LLC**
Firm name

**300 S. County Farm Road**
**Suite G**
**Wheaton, IL 60187**
Number, Street, City, State & ZIP Code

Contact phone   **630-510-0000**        Email address   **rlarsen@springerbrown.com**

**6193054  Illinois IL**
Bar number and State

---

Fill in this information to identify your case:

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Case number *(if known)* _____   Chapter   **11**

☐ Check if this an
amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature
of authorized
representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **February 21, 2024**
MM/DD / YYYY

X _____        **Todd Kihm**
Signature of authorized representative of debtor     Printed name

Title   **Managing Member**

**18. Signature of attorney**

X _____        Date **February 21, 2024**
Signature of attorney for debtor                MM / DD / YYYY

**Richard G Larsen 6193054  Illinois**
Printed name

**SpringerLarsenGreene, LLC**
Firm name

**300 S. County Farm Road
Suite G
Wheaton, IL 60187**
Number, Street, City, State & ZIP Code

Contact phone   **630-510-0000**    Email address   **rlarsen@springerbrown.com**

**6193054  Illinois IL**
Bar number and State

**Fill in this information to identify the case:**

Debtor name **National Solar Service, LLC**

United States Bankruptcy Court for the:   NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Case number (if known) _____

☐ Check if this is an
amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **February 21, 2024**          X _____
Signature of individual signing on behalf of debtor

**Todd Kihm**
Printed name

**Managing Member**
Position or relationship to debtor

## United States Bankruptcy Court
### Northern District of Illinois, Eastern Division

In re    National Solar Service, LLC _____    Case No. _____
                                    Debtor(s)                Chapter    11 _____

### LIST OF EQUITY SECURITY HOLDERS
### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Managing Member** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date    February 21, 2024 _____    Signature _____
                                                            Todd Kihm

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

# United States Bankruptcy Court
### Northern District of Illinois, Eastern Division

In re    National Solar Service, LLC _____    Case No. _____

Debtor(s)    Chapter    11 _____

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____    54

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:    February 21, 2024 _____    _____
Todd Kihm/Managing Member
Signer/Title

# United States Bankruptcy Court
## Northern District of Illinois, Eastern Division

In re   National Solar Service, LLC

Debtor(s)

Case No. _____

Chapter   11 _____

### CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   National Solar Service, LLC   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

February 21, 2024
Date

Richard G Larsen 6193054  Illinois
Signature of Attorney or Litigant
Counsel for   National Solar Service, LLC
SpringerLarsenGreene, LLC
300 S. County Farm Road
Suite G
Wheaton, IL 60187
630-510-0000 Fax:630-510-0004
rlarsen@springerbrown.com

## United States Bankruptcy Court
### Northern District of Illinois, Eastern Division

In re   National Solar Service, LLC

Debtor(s)

Case No. _____

Chapter   11 _____

## STATEMENT REGARDING AUTHORITY TO SIGN AND FILE PETITION

I, **Todd Kihm**, declare under penalty of perjury that I am the **Managing Member** of  **National Solar Service, LLC**, and that the following is a true and correct copy of the resolutions adopted by the Board of Directors of said corporation at a special meeting duly called and held on the __ day of __, 20__.

"Whereas, it is in the best interest of this corporation to file a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 11 of Title 11 of the United States Code;

Be It Therefore Resolved, that **Todd Kihm, Managing Member** of this Corporation, is authorized and directed to execute and deliver all documents necessary to perfect the filing of a chapter **11** voluntary bankruptcy case on behalf of the corporation; and

Be It Further Resolved, that **Todd Kihm, Managing Member** of this Corporation is authorized and directed to appear in all bankruptcy proceedings on behalf of the corporation, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the corporation in connection with such bankruptcy case, and

Be It Further Resolved, that **Todd Kihm, Managing Member** of this Corporation is authorized and directed to employ **Richard G Larsen 6193054 Illinois**, attorney and the law firm of **SpringerLarsenGreene, LLC** to represent the corporation in such bankruptcy case."

Date  **February 21, 2024** _____

Signed _____
Todd Kihm

Resolution of Board of Directors
of
**National Solar Service, LLC**

Whereas, it is in the best interest of this corporation to file a voluntary petition in the the United States Bankruptcy Court pursuant to Chapter 11 of Title 11 of the United States Code;

Be It Therefore Resolved, that Todd Kihm, Managing Member of this Corporation, is authorized and directed to execute and deliver all documents necessary to perfect the filing of a chapter 11 voluntary bankruptcy case on behalf of the corporation; and

Be It Further Resolved, that Todd Kihm, Managing Member of this Corporation is authorized and directed to appear in all bankruptcy proceedings on behalf of the corporation, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the corporation in connection with such bankruptcy case, and

Be It Further Resolved, that Todd Kihm, Managing Member of this Corporation is authorized and directed to employ Richard G Larsen 6193054 Illinois, attorney and the law firm of SpringerLarsenGreene, LLC to represent the corporation in such bankruptcy case.

Date  February 21, 2024 _____  Signed _____

Date  February 21, 2024 _____  Signed _____

**Fill in this information to identify the case:**

Debtor name  **National Solar Service, LLC**

United States Bankruptcy Court for the:  NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Case number (if known)  _____

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐ Other document that requires a declaration  _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **February 21, 2024**      X **/s/ Todd Kihm**
                                                        Signature of individual signing on behalf of debtor

                                                        **Todd Kihm**
                                                        Printed name

                                                        **Managing Member**
                                                        Position or relationship to debtor

| Fill in this information to identify the case: |
|---|

Debtor name **National Solar Service, LLC**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 206D
## Schedule D: Creditors Who Have Claims Secured by Property                    12/15

Be as complete and accurate as possible.

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:    List Creditors Who Have Secured Claims**

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| **2.1** **Ally Bank**<br>Creditor's Name | Describe debtor's property that is subject to a lien<br>**2015 Chevrolet City Express** | **$5,500.00** | **$5,000.00** |

**P.O. Box 380901**
**Minneapolis, MN 55438**
Creditor's mailing address

Describe the lien
**Purchase Money Security**
**Is the creditor an insider or related party?**
☑ No
☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**
**3/1/2021**
**Last 4 digits of account number**
**2250**

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

**Do multiple creditors have an interest in the same property?**
☑ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

---

| **2.2** **Atlas Toyota Material Handling, LLC**<br>Creditor's Name | Describe debtor's property that is subject to a lien<br>**2014 Toyota Forklift Model 8FGCU20, Serial No.   4897** | **$6,000.00** | **$15,000.00** |
|---|---|---|---|

**1815 Landmeier Road**
**Elk Grove Village, IL 60007**
Creditor's mailing address

Describe the lien
**Purchase Money Security**
**Is the creditor an insider or related party?**
☑ No
☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**
**4/22/2021**
**Last 4 digits of account number**
**4647**

**As of the petition filing date, the claim is:**
Check all that apply

**Do multiple creditors have an interest in the same property?**

Debtor   **National Solar Service, LLC**
_____
Name

Case number (if known) _____

■ No
☐ Yes. Specify each creditor,
including this creditor and its relative
priority.

☐ Contingent
☐ Unliquidated
☐ Disputed

---

| 2.3 | **Fora Financial Business Loans, LLC** | Describe debtor's property that is subject to a lien | $10,725.00 | $0.00 |

Creditor's Name

**90 days or less: misc items**

**1385 Broadway 15th Floor
New York, NY 10018**

Creditor's mailing address

**Describe the lien**
**Security Agreement Note/UCC-1**
**Is the creditor an insider or related party?**

■ No
☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**

☐ No

**Date debt was incurred**
**2-16-2023**

■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**

**Do multiple creditors have an
interest in the same property?**

**As of the petition filing date, the claim is:**
Check all that apply

☐ No
■ Yes. Specify each creditor,
including this creditor and its relative
priority.
**1. Samson MCA LLC
2. Fora Financial Business
Loans, LLC
3. Ocean Funding**

☐ Contingent
☐ Unliquidated
☐ Disputed

---

| 2.4 | **GM Financial** | Describe debtor's property that is subject to a lien | $2,800.00 | $300.00 |

Creditor's Name

**2015 Ford Econoline E350 Super Duty**

**Attn: Bankruptcy Dept
P.O. Box 183593
Arlington, TX 76096-3824**

Creditor's mailing address

**Describe the lien**
**Purchase Money Security**
**Is the creditor an insider or related party?**

■ No
☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**

■ No

**Date debt was incurred**
**6/19/2020**

☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**
**2250**

**Do multiple creditors have an
interest in the same property?**

**As of the petition filing date, the claim is:**
Check all that apply

■ No
☐ Yes. Specify each creditor,
including this creditor and its relative
priority.

☐ Contingent
☐ Unliquidated
☐ Disputed

---

| 2.5 | **Ocean Funding** | Describe debtor's property that is subject to a lien | $62,230.71 | $0.00 |

Creditor's Name

**90 days or less: misc items**

**1800 New Central Ave
Lakewood, NJ 08701-3094**

Creditor's mailing address

**Describe the lien**

---

| Debtor | **National Solar Service, LLC** | Case number (if known) | |
| | Name | | |

**Security Agreement Note/UCC-1**

**Is the creditor an insider or related party?**

■ No

☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**

☐ No

**Date debt was incurred**

**12-1-23**

■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☐ No

■ Yes. Specify each creditor, including this creditor and its relative priority.

**Specified on line 2.3**

**As of the petition filing date, the claim is:**
Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

---

| 2.6 | **Samson MCA LLC** | Describe debtor's property that is subject to a lien | $172,500.06 | $0.00 |
| | Creditor's Name | **90 days or less: misc items** | | |

**90 John Street, Ste. 400
New York, NY 10038**

Creditor's mailing address

**Describe the lien**

**Security Agreement Note/UCC-1**

**Is the creditor an insider or related party?**

■ No

☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**

☐ No

**Date debt was incurred**

**9/20/23**

■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**

**6438**

**Do multiple creditors have an interest in the same property?**

☐ No

■ Yes. Specify each creditor, including this creditor and its relative priority.

**Specified on line 2.3**

**As of the petition filing date, the claim is:**
Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

---

| 2.7 | **Terry's Ford-Lincoln Mercury** | Describe debtor's property that is subject to a lien | $20,000.00 | Unknown |
| | Creditor's Name | **2018 Ford F150 Supercrew Pickup.** | | |

**363 Harlem Ave
Peotone, IL 60468**

Creditor's mailing address

**Describe the lien**

**Purchase Money Security**

**Is the creditor an insider or related party?**

■ No

☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**

■ No

**Date debt was incurred**

**11/1/2020**

☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Last 4 digits of account number**

**4494**

**Do multiple creditors have an interest in the same property?**

**As of the petition filing date, the claim is:**
Check all that apply

---

Debtor   **National Solar Service, LLC**                                    Case number (if known) _____
       Name

■ No

☐ Yes. Specify each creditor,
including this creditor and its relative
priority.

☐ Contingent
☐ Unliquidated
☐ Disputed

---

3.    **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**    | $279,755.77 |

**Part 2:**  **List Others to Be Notified for a Debt Already Listed in Part 1**

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies,
assignees of claims listed above, and attorneys for secured creditors.

If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **Atlas Toyota Material Handling, LLC**<br>**1815 Landmeier Road**<br>**Elk Grove Village, IL 60007** | Line  **2.2** | |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **National Solar Service, LLC** |
| United States Bankruptcy Court for the: | NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION |
| Case number (if known) | |

☐ Check if this is an
amended filing

## Official Form 206E/F
## Schedule E/F: Creditors Who Have Unsecured Claims       12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ☐ No. Go to Part 2.

   ☑ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors
   with priority unsecured claims, fill out and attach the Additional Page of Part 1.

|  | | | Total claim | Priority amount |
|---|---|---|---|---|
| **2.1** | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | **$6,481.00** | **$6,481.00** |
| | **Illinois Department of Revenue Bankruptcy Section PO Box 19035 Springfield, IL 62794-9035** | *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |
| | Date or dates debt was incurred | Basis for the claim:<br>**Corporate tax** | | |
| | Last 4 digits of account number<br>Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8) | Is the claim subject to offset?<br>☑ No<br>☐ Yes | | |
| **2.2** | Priority creditor's name and mailing address | As of the petition filing date, the claim is: | **Unknown** | **$0.00** |
| | **Internal Revenue Service Centralized Insolvency Operation PO 7346 Philadelphia, PA 19101-7346** | *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |
| | Date or dates debt was incurred | Basis for the claim:<br>**Taxes** | | |
| | Last 4 digits of account number<br>Specify Code subsection of PRIORITY unsecured claim: 11 U.S.C. § 507(a) (8) | Is the claim subject to offset?<br>☑ No<br>☐ Yes | | |

### Part 2:    List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
   out and attach the Additional Page of Part 2.

**Amount of claim**

Debtor   **National Solar Service, LLC**

Name

Case number (if known) _____

---

| 3.1 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $11,690.00 |
|---|---|---|---|

**Aduu Solar**
**777 Maple Avenue**
**Takoma Park, MD 20912**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  **Business Debt**

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.2 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $88,898.08 |
|---|---|---|---|

**American Express**
**Po Box 981535**
**El Paso, TX 79998**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  **Credit Card**

Last 4 digits of account number  **1004**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.3 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $11,859.93 |
|---|---|---|---|

**American Express Blue Business Card**
**PO Box 981535**
**El Paso, TX 79998**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  **Credit Card**

Last 4 digits of account number  **1005**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.4 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $801.12 |
|---|---|---|---|

**Amren Illinois**
**1901 Chouteau Ave**
**Saint Louis, MO 63103**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  **Utility Service**

Last 4 digits of account number  **3093**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.5 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $1,205.00 |
|---|---|---|---|

**Argabright**
**3300 Lantern Ln**
**Quincy, IL 62301**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  **Business Debt**

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.6 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $16,682.14 |
|---|---|---|---|

**Brait Capital**
**c/o Restal Malik**
**5325 W 7th St., Ste. 9**
**Edina, MN 55439**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  **Defieciency for rent on 2323 Federal Dr., Decatur, IL**

Last 4 digits of account number _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.7 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | $1,159.90 |
|---|---|---|---|

**Comcast Decatur**
**One Comcast Ctr**
**1701 JFK Boulevard**
**Philadelphia, PA 19103**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  **Utility Service**

Last 4 digits of account number  **6936**

Is the claim subject to offset? ■ No ☐ Yes

---

| Debtor | **National Solar Service, LLC** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

---

**3.8** | **Nonpriority creditor's name and mailing address**
**Comcast Schaumberg**
**1701 JFK Boulevard**
**Philadelphia, PA 19103**

Date(s) debt was incurred _

Last 4 digits of account number _

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**  **Utility Service**

Is the claim subject to offset? ■ No ☐ Yes

**$518.00**

---

**3.9** | **Nonpriority creditor's name and mailing address**
**ComEd**
**10 South Dearborn Street**
**Chicago, IL 60603-2300**

Date(s) debt was incurred _

Last 4 digits of account number _

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**  **Utility Service**

Is the claim subject to offset? ■ No ☐ Yes

**$293.33**

---

**3.10** | **Nonpriority creditor's name and mailing address**
**Count On Us Bookeeping**
**Po Box 1642**
**Skokie, IL 60076**

Date(s) debt was incurred _

Last 4 digits of account number _

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**  **Business Debt**

Is the claim subject to offset? ■ No ☐ Yes

**$6,807.85**

---

**3.11** | **Nonpriority creditor's name and mailing address**
**CR Solar, LLC**
**PO Box 16032**
**Clearfield, UT 84016**

Date(s) debt was incurred _

Last 4 digits of account number _

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**  **Business Debt**

Is the claim subject to offset? ■ No ☐ Yes

**$6,092.60**

---

**3.12** | **Nonpriority creditor's name and mailing address**
**Engineerinc, Inc.**
**303 N Glenoaks Blvd.**
**Suite 200**
**Burbank, CA 91502**

Date(s) debt was incurred _

Last 4 digits of account number _

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**  **Business Debt**

Is the claim subject to offset? ■ No ☐ Yes

**$14,703.33**

---

**3.13** | **Nonpriority creditor's name and mailing address**
**Enterprise**
**PO Box 843369**
**Kansas City, MO 64181**

Date(s) debt was incurred _

Last 4 digits of account number  **0939**

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** _

Is the claim subject to offset? ■ No ☐ Yes

**$3,849.38**

---

**3.14** | **Nonpriority creditor's name and mailing address**
**Enterprise**
**PO Box 843369**
**Kansas City, MO 64181**

Date(s) debt was incurred _

Last 4 digits of account number  **5797**

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** _

Is the claim subject to offset? ■ No ☐ Yes

**$1,617.61**

---

| Debtor | **National Solar Service, LLC** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 3.15 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$1,607.01** |
|---|---|---|---|

**Enterprise**
**PO Box 843369**
**Kansas City, MO 64181**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number  **3929**

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.16 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$276.63** |
|---|---|---|---|

**Enterprise**
**PO Box 843369**
**Kansas City, MO 64181**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number  **8951**

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.17 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$1,300.02** |
|---|---|---|---|

**Enterprise**
**PO Box 843369**
**Kansas City, MO 64181**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number  **0875**

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.18 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$750.00** |
|---|---|---|---|

**Enterprise**
**PO Box 843369**
**Kansas City, MO 64181**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number  **2312**

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.19 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$526.51** |
|---|---|---|---|

**Enterprise**
**PO Box 843369**
**Kansas City, MO 64181**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number  **6100**

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.20 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$1,684.93** |
|---|---|---|---|

**Enterprise**
**PO Box 843369**
**Kansas City, MO 64181**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim: _

Last 4 digits of account number  **9425**

Is the claim subject to offset? ■ No  ☐ Yes

---

| 3.21 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$36,679.53** |
|---|---|---|---|

**Gexpro**
**1201 Wiley Rd, Unit 117**
**Schaumburg, IL 60173**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Basis for the claim:  **Business Debt**

Last 4 digits of account number _

Is the claim subject to offset? ■ No  ☐ Yes

Debtor   **National Solar Service, LLC**                                    Case number (if known) _____

Name

---

| 3.22 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$7,388.19** |
|---|---|---|---|

**Home Depot**
**P.O. 103047**
**Roswell, GA 30076**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

Basis for the claim:  **Business Debt**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.23 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$2,262.71** |
|---|---|---|---|

**I-Pass**
**Illinois Tollway Headquarters**
**2700 Ogden Ave.**
**Downers Grove, IL 60515**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number  6610**

Basis for the claim:  **toll violations on plate # 3153431, plate #2933278 and plate #159736F, plate# 187765F, plate# 627AA357, plate # 627AA358,plate # 627AA359, and plate #DE57796 (MI)**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.24 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$51,840.00** |
|---|---|---|---|

**IGS**
**6100 Emerald Parkway**
**Dublin, OH 43016**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

Basis for the claim:  **Business Debt**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.25 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$38,737.40** |
|---|---|---|---|

**Kanakmal Jain Family LLC**
**111 E Chestnut St**
**Apr 47C**
**Chicago, IL 60611**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

Basis for the claim:  **Deficiency Schaumberg location.**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.26 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$2,414.85** |
|---|---|---|---|

**Mid America Solar**
**901 S Bridge Street, 557**
**DeWitt, MI 48820**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

Basis for the claim:  **Business Debt**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.27 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$30,482.87** |
|---|---|---|---|

**Neil Becker**
**43W835 N Sunset Dr**
**Saint Charles, IL 60175**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

Basis for the claim:  **Loan**

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.28 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: Check all that apply. | **$1,403.49** |
|---|---|---|---|

**Oade, Stroud & Kleiman**
**200 Woodland Pass**
**East Lansing, MI 48823**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Date(s) debt was incurred** _

**Last 4 digits of account number** _

Basis for the claim:  **Legal Services**

Is the claim subject to offset? ■ No ☐ Yes

---

| Debtor | **National Solar Service, LLC** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

---

**3.29**

**Nonpriority creditor's name and mailing address**
**Parish Investments, Inc.**
**1501 Renson Street**
**Suite A**
**Lansing, MI 48910**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Deficiency (rent)**

Is the claim subject to offset? ■ No ☐ Yes

**$10,200.00**

---

**3.30**

**Nonpriority creditor's name and mailing address**
**Quality Repairs and Projects LLC**
**2003 Sheridan Rd**
**Pekin, IL 61554**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Business Debt**

Is the claim subject to offset? ■ No ☐ Yes

**$1,840.00**

---

**3.31**

**Nonpriority creditor's name and mailing address**
**Soligent**
**CES LegaL Department**
**400 S Record, Suite 1500**
**Dallas, TX 75202**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Business Debt**

Is the claim subject to offset? ■ No ☐ Yes

**$10,733.67**

---

**3.32**

**Nonpriority creditor's name and mailing address**
**Sunergy Pwr**
**32000 Northwestern Hwy**
**Farmington, MI 48334**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Business Debt**

Is the claim subject to offset? ■ No ☐ Yes

**$3,206.84**

---

**3.33**

**Nonpriority creditor's name and mailing address**
**Unirac**
**1411 Broadway Blvd., NE**
**Albuquerque, NM 87102**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Business Debt**

Is the claim subject to offset? ■ No ☐ Yes

**$18,277.08**

---

**3.34**

**Nonpriority creditor's name and mailing address**
**Waste Management**
**800 Capitol Street**
**Suite 3000**
**Houston, TX 77002**

Date(s) debt was incurred _

Last 4 digits of account number  **3004**

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Utility Service**

Is the claim subject to offset? ■ No ☐ Yes

**$11,902.42**

---

**3.35**

**Nonpriority creditor's name and mailing address**
**WEX Fleet**
**1 Hancock Street**
**Portland, ME 04141**

Date(s) debt was incurred _

Last 4 digits of account number _

As of the petition filing date, the claim is: *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

Basis for the claim:  **Credit card purchases and interest**

Is the claim subject to offset? ■ No ☐ Yes

**$37,000.00**

---

**Part 3:**   **List Others to Be Notified About Unsecured Claims**

**4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.** Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

| Debtor | **National Solar Service, LLC** | Case number (if known) | |
|---|---|---|---|
| | Name | | |

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| | Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|---|
| 4.1 | **Aargon Agencey**<br>**8668 Spring Mountain Road, Ste. 110**<br>**Henderson, NV 89011-7411** | Line **3.4**<br>☐ Not listed. Explain ____ | _ |
| 4.2 | **Blitt and Gaines, P.C.**<br>**775 Corporate Woods Parkway**<br>**Attorney No. 32887**<br>**Vernon Hills, IL 60061** | Line **3.2**<br>☐ Not listed. Explain ____ | _ |
| 4.3 | **Charkeston, Kelly & Assoc.**<br>**Attorneys at law**<br>**150 E Swedesford Rd., Ste 102**<br>**Wayne, PA 19087** | Line **3.34**<br>☐ Not listed. Explain ____ | **5591** |
| 4.4 | **First Financial Asset MGMT, Inc**<br>**3091 Governors Lake Dr., Ste 500**<br>**Norcross, GA 30071** | Line **3.13**<br>☐ Not listed. Explain ____ | _ |
| 4.5 | **Greenberg, Grant & Richards, Inc**<br>**5858 Westheimer Road**<br>**Houston, TX 77057** | Line **3.35**<br>☐ Not listed. Explain ____ | _ |
| 4.6 | **Kajy Law Firm**<br>**18000 W 9 Mile Rd, Ste 1400**<br>**Southfield, MI 48075** | Line **3.32**<br>☐ Not listed. Explain ____ | _ |
| 4.7 | **Law Offices of Ian B. Hoffenberg**<br>**1603 Orrington Ave**<br>**Suite 600**<br>**Evanston, IL 60201** | Line **3.12**<br>☐ Not listed. Explain ____ | _ |
| 4.8 | **Law Offices of Ian B. Hoffenberg,**<br>**1603 Orrington Ave., Ste. 600**<br>**Evanston, IL 60201** | Line **3.1**<br>☐ Not listed. Explain ____ | _ |
| 4.9 | **Sequim**<br>**Northchase Pkwy SE**<br>**#150th**<br>**Marietta, GA 30067** | Line **3.7**<br>☐ Not listed. Explain ____ | _ |
| 4.10 | **Transworld Systems, Inc.**<br>**500 Virginia Dr.**<br>**Suite 514**<br>**Fort Washington, PA 19034** | Line **3.17**<br>☐ Not listed. Explain ____ | _ |
| 4.11 | **Transworld Systems, Inc.**<br>**500 Virginia Dr.**<br>**Suite 514**<br>**Fort Washington, PA 19034** | Line **3.19**<br>☐ Not listed. Explain ____ | _ |

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---|---|

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | | Total of claim amounts |
|---|---|---|---|
| **5a. Total claims from Part 1** | | 5a. | $      **6,481.00** |

Debtor    **National Solar Service, LLC**
        Name

Case number (*if known*)

**5b. Total claims from Part 2**

5b.  +  $  436,692.42

**5c. Total of Parts 1 and 2**
     Lines 5a + 5b = 5c.

5c.  $  443,173.42

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Northern District of Illinois, Eastern Division

In re   **National Solar Service, LLC** _____   Case No. _____

_____ Debtor(s)   Chapter   **11** _____

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept ............................................   $ _____   **0.00**

    Prior to the filing of this statement I have received ........................   $ _____   **0.00**

    Balance Due ...........................................................................................   $ _____   **0.00**

2.  $ __**1,738.00**__ of the filing fee has been paid.

3.  The source of the compensation paid to me was:

    ☐ Debtor      ☒ Other (specify):   **Tim Kihm, Managing Partner**

4.  The source of compensation to be paid to me is:

    ☒ Debtor      ☐ Other (specify):

5.  ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]

7.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

__**February 21, 2024**_____      **/s/ Richard G Larsen**_____
*Date*                                          **Richard G Larsen 6193054  Illinois**
                                                *Signature of Attorney*
                                                **SpringerLarsenGreene, LLC**
                                                **300 S. County Farm Road**
                                                **Suite G**
                                                **Wheaton, IL 60187**
                                                **630-510-0000  Fax: 630-510-0004**
                                                **rlarsen@springerbrown.com**
                                                *Name of law firm*

---

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Northern District of Illinois, Eastern Division

In re   National Solar Service, LLC _____      Case No. _____

_____  Debtor(s)      Chapter   11  _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept _____  $  Hourly at $465.00/HR

Prior to the filing of this statement I have received _____  $  10,000.00

Balance Due _____  $  To be determined based upon hourly charge.

2.  $  1,738.00  of the filing fee has been paid.

3.  The source of the compensation paid to me was:

☒ Debtor    ☐ Other (specify):

4.  The source of compensation to be paid to me is:

☒ Debtor    ☐ Other (specify):

5.  ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d.  [Other provisions as needed]

7.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

2/21/24
_____
Date

_____
Richard G Larsen 6193054 Illinois
*Signature of Attorney*
**SpringerLarsenGreene, LLC**
**300 S. County Farm Road**
**Suite G**
**Wheaton, IL 60187**
**630-510-0000  Fax: 630-510-0004**
rlarsen@springerbrown.com
*Name of law firm*

## RETAINER AGREEMENT

THIS RETAINER AGREEMENT IS MADE BY AND BETWEEN:

Richard G. Larsen
Springer Larsen Greene, LLC
300 S. County Farm Road
Suite G
Wheaton, IL 60187
rlarsen@springerbrown.com

(hereinafter referred to as **"Attorney,"** and;

*National Solar Service LLC*

(hereinafter referred to as **"Client"**)

Collectively, Attorney and Client are hereinafter referred to as the **"Parties."**

WITNESSETH

WHEREAS, Attorney has expertise in the representation of clients in bankruptcy matters and associated proceedings related thereto; and

WHEREAS, *National Solar Service* requires legal services related to its financial affairs that will may include the filing of a bankruptcy petition under Chapter 11.

WHEREAS, Client desires to retain Attorney to _____ with respect to its bankruptcy matters, including a potential Chapter 11 petition and to represent Client in regard to the pending collection efforts of various creditors and to provide such services as an independent contractor, and Attorney is agreeable to such a relationship and/or arrangement, and the Parties desire a written document formalizing and defining their relationship and evidencing the terms of their agreement;

THEREFORE, in consideration of the mutual covenants contained herein and other good and valuable consideration, it is agreed as follows:

**1. Appointment.**

Client hereby appoint Attorney as counsel for *National Solar Service* and hereby retains and employs Attorney upon the terms and conditions of this Agreement.

**2. Engagement**

Attorney hereby accepts said Retainer Agreement and agrees to represent
_National Sales Service_ upon the terms and conditions of this Agreement.

**3. Authority and Description of Services**

During the term of this Agreement Attorney shall provide such professional services and advice
in connection with such matters as are specifically requested by Client, or as in the professional
judgment of Attorney are reasonably necessary.

**4. Term of Agreement**

This Agreement shall become effective upon execution hereof and shall continue thereafter and
remain in effect until the resolution of the case, or until the earlier termination by one of the
Parties as provided herein.

**5. Advance payment retainer**

a. Attorney shall not be obligated to provide the services described herein until an advance
   payment retainer in the amount of $ _11,717.00_ for attorney fees and $ n/a for
   the court filing fee is received.

b. The retainer to be paid under this Agreement is called an advance payment retainer. An
   advance payment retainer becomes the property of the attorney upon receipt. An advance
   payment retainer is not deposited in the attorney's trust account but is deposited in the
   attorney's general account. Services provided by Attorney and costs and expenses
   incurred in the defense of the case will be charged against the retainer as they are
   performed or incurred, or as otherwise set forth in this Agreement. On a periodic basis
   Attorney will render bills to Client showing the amount drawn against the retainer for
   services rendered and costs and expenses incurred. At the conclusion of the case or
   earlier termination of this Agreement any surplus of the retainer remaining will be
   refunded to Client. Attorney has chosen an advance payment retainer in this Agreement
   because Client is a defendant or potentially a defendant in numerous pending and
   potential lawsuits and in the event of the entry of an adverse judgment, the balance of the
   retainer would otherwise be subject to the remedies for collection available to the
   plaintiff.

c. Another type of retainer is called a security retainer. A security retainer remains the
   property of the client and is required to be deposited in the attorney's trust account. On a
   periodic basis the attorney renders bills to the client showing the amount due for services
   rendered and costs and expenses incurred. In the absence of an objection from the client
   the attorney may draw against the security retainer. At the conclusion of the case or
   earlier termination of the Attorney-Client relationship, the amount of the security retainer
   remaining in the trust account will be refunded to the client.

d. Client has the option to decline to pay an advanced payment retainer and insist upon the
   use of a security retainer. In that event, however, Attorney retains the right to decline the

representation of Client and in that case this Agreement shall be immediately terminated and neither of the Parties shall have any further rights against or obligations to the other.

**6. Duties of Client**

The duties of Client are as follows:

a. Client shall supply Attorney on a regular and timely basis with all information and documents relevant to the issues in the case, or requested by Attorney, or responsive to any discovery initiated in the case.

b. Client shall be responsible for advising Attorney of any information or documents that would affect the accuracy of any prior information given to Attorney.

c. Client shall make himself available for a deposition or examination in the case, if requested.

d. Client shall assist in any negotiations for settlement of the case.

e. Because Attorney shall rely on such information to be supplied by Client, all such information shall be true, accurate, complete and not misleading, in all respects.

f. Client shall keep himself advised of the progress of the case and shall act diligently and promptly in reviewing materials submitted to him by Attorney and shall inform Attorney of any inaccuracies contained therein or objections thereto within a reasonable time so as to enable Attorney to make any corrections.

g. Client shall otherwise cooperate fully and timely with Attorney to enable Attorney to perform its duties and obligations under this Agreement.

**7. Compensation, billing and payment**

Attorney shall be compensated for services hereunder at the rate of $ **465.00** per hour for pre-bankruptcy services to Client. In addition to the above amounts, Attorney shall be reimbursed for all reasonable and necessary costs and expenses advanced on behalf of Client. On a monthly basis, or more frequently in the discretion of Attorney, Attorney shall render bills to Client showing the amount earned for services rendered and due for costs and expenses advanced. Such amount shall be charged against the amount of any remaining retainer with the balance due and payable by Client within thirty (30) days of the date of the bill. Any amount remaining unpaid after thirty (30) days shall bear simple interest at the rate of eighteen (18%) percent per annum. Attorney has a policy that in the event a payment is not made on the date due, then in that event work may be suspended, without notice, until such time as arrangements have been made for payment.

### 8. Termination of Agreement

This Agreement may be terminated by either party prior to the conclusion of the case by notice to the other. It is specifically agreed that in the event Client fails or refuses to cooperate with Attorney or fails or refuses to make timely payment of the compensation set forth in this Agreement, Attorney shall have the right to suspend any further performance under this Agreement until such time as payment is made or, upon notice to Client, terminate this Agreement and withdraw from the case. In such event all compensation shall become immediately due and payable.

### 9. Notices

Notice hereunder may be written or oral and if written, shall be addressed to the party at the address shown above or at such other address as the party may designate and may be given in person or by first class mail, postage prepaid, facsimile, or email. Notice in person, by facsimile or by email shall be effective immediately. Notice by first class mail, postage prepaid, shall be effective three (3) days after mailing.

### 10. Default

In the event Client fails to pay any amount due to Attorney hereunder, Attorney shall be entitled in any action brought to enforce this Agreement to recover all costs and expenses incurred, including reasonable attorney fees.

### 11. Return of Records

Upon termination of this Agreement, Attorney shall deliver all records, notes, data, and memorandum of any nature that are in the control of Attorney that are the property of or relate to the case, except that Attorney may retain copies of anything delivered.

### 12. Disclaimer By Attorney

Attorney makes no representation to Client or others with respect to the results to be achieved in the case.

### 13. Ownership of materials

All right, title and interest in and to materials to be produced by Attorney in connection with this Agreement and other services to be rendered under said Agreement shall be and remain the sole and exclusive property of Attorney, except in the event Client performs fully and timely its obligations hereunder Client shall be entitled to receive, upon request, one copy of all such materials, and shall be entitled to the non-exclusive right to use all such materials.

### 14. Miscellaneous.

a. Time is hereby expressly made of the essence of this Agreement with respect to the performance by the parties of their respective obligations hereunder.

b. This Agreement contains the entire agreement of the parties. It is declared by the Parties that there are no other oral or written agreements or understanding between them affecting this Agreement or relating to the business of Attorney. This Agreement supersedes all previous agreements between Attorney and Client.

c. This Agreement may be modified or amended provided such modifications or amendments are mutually agreed upon by the Parties and that said modifications or amendments are made only by an instrument in writing signed by the Parties or an oral agreement to the extent that the parties carry it out.

d. The failure of either party, at any time, to require any such performance by any other party shall not be constructed as a waiver of such right to require such performance, and shall in no way affect such party's right to require such performance and shall in no way affect such party's right subsequently to require a full performance hereunder.

e. THIS AGREEMENT IS EXECUTED PURSUANT TO AND SHALL BE INTERPRETED AND GOVERNED FOR ALL PURPOSES BY THE LAWS OF THE STATE OF ILLINOIS. ANY ACTION BROUGHT UNDER THIS AGREEMENT SHALL BE BROUGHT IN AND ONLY IN THE CIRCUIT COURT OF KANE COUNTY, ILLINOIS AND THE PARTIES WAIVE ANY OBJECTION TO JURISDICTION OR VENUE IN SUCH COURT.

f. If any provision of this Agreement shall be held to be contrary to law, void, invalid or unenforceable for any reason, such provision shall be deemed severed from this Agreement and the remaining provisions of this Agreement shall continue to be valid and enforceable. If a Court finds that any provision of this Agreement is contrary to law, void, invalid or unenforceable and that by limiting such provision it would become valid and enforceable, then such provision shall be deemed to be written, construed and enforced as so limited.

g. This Agreement may be executed in counterparts, notwithstanding the date or dates upon which this Agreement is executed and delivered by any of the parties, and shall be deemed to be an original and all of which shall constitute one agreement effective as of the reference date first written below. An executed faxed copy of this Agreement shall be construed by all parties hereto as an original version of the Agreement.

IN WITNESS WHEREOF, THE PARTIES hereto have set forth their hands and seal in
execution of this Agreement on _February 2_____, 2024

Richard G. Larsen
Springer Larsen Greene, LLC
300 S. County Farm Road, Suite G
Wheaton, IL 60187
rlarsen@springerbrown.com

## United States Bankruptcy Court
### Northern District of Illinois, Eastern Division

In re    **National Solar Service, LLC**                                    Case No. _____
Debtor(s)                                Chapter    **11**

### LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
| --- | --- | --- | --- |

**-NONE-**

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Managing Member** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date    **February 21, 2024**                        Signature **/s/ Todd Kihm**
                                                                **Todd Kihm**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

# United States Bankruptcy Court
## Northern District of Illinois, Eastern Division

In re    **National Solar Service, LLC**                                                    Case No.
                                                              Debtor(s)          Chapter    **11**

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors:                                    **55**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:    **February 21, 2024**                    **/s/ Todd Kihm**
                                                  **Todd Kihm**/Managing Member
                                                  Signer/Title

Aargon Agencey
8668 Spring Mountain Road, Ste. 110
Henderson, NV 89011-7411

Aduu Solar
777 Maple Avenue
Takoma Park, MD 20912

Ally Bank
P.O. Box 380901
Minneapolis, MN 55438

American Express
Po Box 981535
El Paso, TX 79998

American Express Blue Business Card
PO Box 981535
El Paso, TX 79998

Amren Illinois
1901 Chouteau Ave
Saint Louis, MO 63103

Anthony Biango
274 Lincoln Ct
Wood Dale, IL 60191

Argabright
3300 Lantern Ln
Quincy, IL 62301

Atlas Toyota Material Handling, LLC
1815 Landmeier Road
Elk Grove Village, IL 60007

Blitt and Gaines, P.C.
775 Corporate Woods Parkway
Attorney No. 32887
Vernon Hills, IL 60061

Brait Capital
c/o Restal Malik
5325 W 7th St., Ste. 9
Edina, MN 55439

Brait Capital
c/o Restal Malik
5325 W 7th St., Ste. 9
Minneapolis, MN 55439


Charkeston, Kelly & Assoc.
Attorneys at law
150 E Swedesford Rd., Ste 102
Wayne, PA 19087


Comcast Decatur
One Comcast Ctr
1701 JFK Boulevard
Philadelphia, PA 19103


Comcast Schaumberg
1701 JFK Boulevard
Philadelphia, PA 19103


ComEd
10 South Dearborn Street
Chicago, IL 60603-2300


Count On Us Bookeeping
Po Box 1642
Skokie, IL 60076


CR Solar, LLC
PO Box 16032
Clearfield, UT 84016


Engineerinc, Inc.
303 N Glenoaks Blvd.
Suite 200
Burbank, CA 91502


Enterprise
PO Box 843369
Kansas City, MO 64181


First Financial Asset MGMT, Inc
3091 Governors Lake Dr., Ste 500
Norcross, GA 30071

Fora Financial Business Loans, LLC
1385 Broadway 15th Floor
New York, NY 10018


Gexpro
1201 Wiley Rd, Unit 117
Schaumburg, IL 60173


GM Financial
Attn: Bankruptcy Dept
P.O. Box 183593
Arlington, TX 76096-3824


Greenberg, Grant & Richards, Inc
5858 Westheimer Road
Houston, TX 77057


Home Depot
P.O. 103047
Roswell, GA 30076


I-Pass
Illinois Tollway Headquarters
2700 Ogden Ave.
Downers Grove, IL 60515


IGS
6100 Emerald Parkway
Dublin, OH 43016


Illinois Department of Revenue
Bankruptcy Section
PO Box 19035
Springfield, IL 62794-9035


Internal Revenue Service
Centralized Insolvency Operation
PO 7346
Philadelphia, PA 19101-7346


Kajy Law Firm
18000 W 9 Mile Rd, Ste 1400
Southfield, MI 48075

Kanakmal Jain Family LLC
111 E Chestnut St
Apr 47C
Chicago, IL 60611


Law Offices of Ian B. Hoffenberg
1603 Orrington Ave
Suite 600
Evanston, IL 60201


Law Offices of Ian B. Hoffenberg,
1603 Orrington Ave., Ste. 600
Evanston, IL 60201


Mid America Solar
901 S Bridge Street, 557
DeWitt, MI 48820


Neil Becker
43W835 N Sunset Dr
Saint Charles, IL 60175


Neil Becker
43W835 N Sunset Views Dr
Saint Charles, IL 60175


North Mill Credit Trust
601 Merritt 7
Suite 5
Norwalk, CT 06851


Oade, Stroud & Kleiman
200 Woodland Pass
East Lansing, MI 48823


Ocean Funding
1800 New Central Ave
Lakewood, NJ 08701-3094


Parish Investments, Inc.
1501 Renson Street
Suite A
Lansing, MI 48910

```
Partners Capital Group, Inc
c/o Sweeney & Kelbie APC
445 S. Figueroa St., 31st Floor
Los Angeles, CA 90071


Partners Capital Group, Inc.
c/o Sweeney & Kelbie APC
445 S. Figueroa St., 31st Floor
Los Angeles, CA 90071


Quality Repairs and Projects LLC
2003 Sheridan Rd
Pekin, IL 61554


Samson MCA LLC
90 John Street, Ste. 400
New York, NY 10038


Sequim
Northchase Pkwy SE
#150th
Marietta, GA 30067


Soligent
CES LegaL Department
400 S Record, Suite 1500
Dallas, TX 75202


Sunergy Pwr
32000 Northwestern Hwy
Farmington, MI 48334


Terry's Ford-Lincoln Mercury
363 Harlem Ave
Peotone, IL 60468


Todd Kihm
2440 Lincolnwood Dr.
Evanston, IL 60201


Todd Kihm
700 Remington Rd
Schaumburg, IL 60173
```

Transworld Systems, Inc.
500 Virginia Dr.
Suite 514
Fort Washington, PA 19034


Unirac
1411 Broadway Blvd., NE
Albuquerque, NM 87102


Waste Management
800 Capitol Street
Suite 3000
Houston, TX 77002


WEX Fleet
1 Hancock Street
Portland, ME 04141

# United States Bankruptcy Court
### Northern District of Illinois, Eastern Division

In re   **National Solar Service, LLC**

Debtor(s)

Case No.

Chapter   **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **National Solar Service, LLC**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**February 21, 2024**

Date

**/s/ Richard G Larsen**

**Richard G Larsen 6193054  Illinois**

Signature of Attorney or Litigant

Counsel for   **National Solar Service, LLC**

**SpringerLarsenGreene, LLC**
**300 S. County Farm Road**
**Suite G**
**Wheaton, IL 60187**
**630-510-0000 Fax:630-510-0004**
**rlarsen@springerbrown.com**